**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **A.B. and S.B.**

**No. 17-0786** (Ohio County 15-CJA-83 & 17-CJA-3)

**MEMORANDUM DECISION**

Petitioner Mother D.B., by counsel John M. Jurco, appeals the Circuit Court of Ohio County's May 1, 2017, order terminating her parental rights to A.B. and S.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Chaelyn W. Casteel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in failing to grant her a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the DHHR filed an abuse and neglect petition alleging abuse and neglect by petitioner toward her infant daughter, A.B. The petition alleged that A.B. was a drug-exposed infant; that petitioner and A.B. tested positive for illegal substances; that A.B. exhibited signs of drug withdrawal at the hospital; and that petitioner had a history of substance abuse. In August of 2015, the circuit court held an adjudicatory hearing wherein petitioner admitted that A.B. was a drug-exposed infant and that she had a substance abuse problem. The circuit court adjudicated petitioner as an abusing parent. In October of 2015, petitioner was granted a post-adjudicatory improvement period.

In December of 2015 and January of 2016, review hearings were held and the DHHR advised the circuit court that petitioner was not making satisfactory progress in her improvement period. Also in January of 2016, the DHHR filed a motion to terminate petitioner's post-adjudicatory improvement period alleging petitioner failed to fully participate in treatment and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

drug screens, and continued to use drugs. In February of 2016, the circuit court granted the motion and ordered petitioner's post-adjudicatory improvement period be terminated. In April of 2016, the circuit court held a dispositional hearing where it found petitioner was "unwilling or unable to provide adequately for the child's needs" and committed the child temporarily to the care custody, and control of the DHHR, pursuant to West Virginia Code § 49-4-604(b)(5), and continued the child in her current foster care placement.

In January of 2017, the DHHR filed an amended petition against petitioner alleging petitioner and her newborn daughter, S.B., both tested positive for cocaine at the hospital, petitioner reported daily use of cocaine prior to S.B.'s birth, and petitioner's drug addiction posed a significant threat to her children. Petitioner waived her preliminary hearing on the amended petition. In March of 2017, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations set forth in the amended petition and was adjudicated as an abusing parent. Petitioner moved for a post-adjudicatory improvement period.

In April of 2017, the circuit court held a hearing on petitioner's motion for a post-adjudicatory improvement period. Petitioner testified that she had a history of drug addiction. Petitioner admitted to using cocaine during her pregnancy with S.B., as recently as the night before she gave birth. She testified that she was suspended from a drug treatment program because of her use of alcohol. She also admitted that her visitations with S.B. were stopped because of a positive sweat patch drug test for cocaine, although she maintained that she was not using cocaine at that time. The DHHR presented testimony that petitioner continuously tested positive for alcohol and had one positive drug screen for cocaine. The DHHR also presented testimony that petitioner tested positive for alcohol and fell asleep for approximately thirty minutes during a visit with S.B. on the same day. The circuit court found that petitioner failed to demonstrate by clear and convincing evidence that she would be likely to fully participate in a post-adjudicatory improvement period pursuant to West Virginia Code § 49-4-610(2). The circuit court also found that petitioner failed to successfully complete the post-adjudicatory improvement period in the matter involving A.B.; admitted she was an addict; and needed inpatient drug treatment.

Also, in April of 2017, the circuit court held a dispositional hearing regarding A.B. and S.B. The circuit court took judicial notice of prior testimony and petitioner admitted that she tested positive on drug screens, but insisted that she was not using cocaine. Petitioner also admitted that she had recently used alcohol. The circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that it was in the best interests of the children for petitioner's parental rights to be terminated. Ultimately, the circuit court terminated petitioner's parental rights to the children in its May 1, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]In addition to the termination of petitioner's parental rights, J.K., the father of A.B., voluntarily relinquished his parental rights. A.B. is in foster care and the permanency plan is adoption in that home. J.T., the father of S.B., is a non-abusing parent. S.B. is placed with her father.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner asserts that she was honest about her addiction and that she would work to improve. She also asserts that she "has made some progress in transferring her cocaine addiction to alcohol addiction," and that "the transference from cocaine to alcohol is a small step in the right direction." Finally, petitioner argues that she maintained contact with DHHR caseworkers and that the caseworkers testified that they had seen some improvement in petitioner since the matter involving A.B. We do not find any of petitioner's arguments compelling.

West Virginia Code § 49-4-610(2)(B) provides that in order to be granted a post-adjudicatory improvement period, the parent must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Additionally, under West Virginia Code § 49-4-610(2)(D), if a parent has experienced a substantial change in circumstances since the initial improvement period, the parent "shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period."

Here, the record on appeal shows that petitioner was not compliant with her first post-adjudicatory improvement period in 2015. Throughout her first improvement period, petitioner continued to abuse drugs, failed to comply with treatment, and failed to attend drug screens. Additionally, petitioner continued to use drugs throughout her pregnancy with S.B. Petitioner and S.B. both tested positive for cocaine at the hospital upon S.B.'s birth. Further, petitioner failed to complete an outpatient drug treatment program due to her use of alcohol, which she admitted she continued to abuse. Based on this evidence, petitioner failed to demonstrate that she underwent a substantial change in circumstances or that she would be likely to fully participate in a second post-adjudicatory improvement period. Therefore, the circuit court did not err in denying her motion for a post-adjudicatory improvement period and she is entitled to no relief in this regard.

3

Petitioner also argues that the circuit court erred in terminating her parental rights. Petitioner argues that she has made improvements in regards to her addiction; is able to maintain employment; and that she has demonstrated a capacity to overcome her addiction. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

As discussed above, petitioner has a history of drug abuse, continued to abuse drugs throughout her first post-adjudicatory improvement period and throughout her pregnancy with S.B. Petitioner failed to complete any drug treatment program during the proceedings. Although petitioner asserts that she stopped using cocaine, she admitted to using alcohol regularly, and had several positive screens for alcohol. Based on this evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the best interests of the children require termination of petitioner's parental rights. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's termination of petitioner's parental rights and its May 1, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: January 8, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4